# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

KIA RUBE HICKMAN, )
)
    Movant, )
)
v. ) Case No. CV407-162
) [underlying CR405-003]
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Movant has moved to vacate, set aside, or correct her federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government opposes the § 2255 motion. (Doc. 4.)

## I. BACKGROUND

A federal grand jury indicted Hickman on one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of crack

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV407-162. "Cr. Doc." refers to documents filed under movant's criminal case, CR405-003.

cocaine, two counts of distribution of 5 grams or more of crack cocaine, one count of distribution of 50 grams or more of crack cocaine, and one forfeiture allegation. (Cr. Doc. 1.) Movant entered a negotiated plea of guilty to Count 3 of the indictment on June 3, 2006. (Cr. Doc. 73.) Count 3 charged her with distributing 24 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (Cr. Doc. 1 at 2.) On August 31, 2005, the Court sentenced movant to 150 months' imprisonment and five years' of supervised release. (Cr. Doc. 80.) She was assessed $100 and was ordered ineligible for all federal benefits for a period of five years. (Id.)

Movant appealed on September 8, 2005. (Cr. Doc. 82.) On April 13, 2006, the Eleventh Circuit affirmed her conviction and sentence. United States v. Hickman, 175 F. App'x 322 (11th Cir.), cert denied, ___ U.S. ___, 127 S.Ct. 524 (Oct. 30, 2006).

Movant is currently incarcerated at the Federal Correctional Institution in Danbury, Connecticut. (Doc. 4 at 4.) Her timely 28 U.S.C. § 2255 motion was filed on October 29, 2007, asserting the following grounds for relief:

(1) trial counsel was ineffective for failing to object to the sufficiency of the evidence supporting the alleged relevant conduct taken into account at sentencing;

(2) trial counsel was ineffective for failing to object to the disparity in the guideline sentence for crack and powder cocaine; and

(3) trial counsel was ineffective for failing to argue that movant's drug usage from the age of 14 should have been taken into account in determining a reasonable sentence, as the drug use impacted her ability to exercise appropriate judgment.

(Doc. 1.) The government responded on November 28, 2007 (Doc. 4), and movant replied to the response (Doc. 5).

## II. STANDARD OF REVIEW

All of movant's grounds for relief allege ineffective assistance of counsel either during the plea or sentencing stages of her criminal case. In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Second, a defendant

must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690. The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689.

Under the second prong, a movant must establish that there was a reasonable probability that the results of the case would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Lightbourne v. Dugger, 829 F.2d 1012, 1022 (11th Cir. 1987), cert. denied, 488 U.S. 934 (1988); Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1983).

## III. ANALYSIS

Movant claims that counsel was ineffective for failing to (1) object to the sufficiency of the evidence supporting relevant conduct taken into account at sentencing; (2) object to the disparity in the guideline sentence for crack and powder cocaine; and (3) argue that movant's drug usage from the age of 14 should have been taken into account in determining a reasonable sentence because it impacted her ability to exercise appropriate judgment. (Doc. 1.)

### A. Procedural Default and Ineffective Assistance of Counsel

Movant did not raise her claims of ineffective assistance of counsel during her direct appeal. In <u>Lynn v. United States</u>, 365 F.3d 1225 (11th Cir. 2004), the Eleventh Circuit explained that "[u]nder the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." <u>Id.</u> at 1234. Ineffective assistance of counsel claims are unique, however, for such claims generally require consideration of matters that are outside the record on

direct appeal. Compare United States v. Arango, 853 F.2d 818, 823 (11th Cir. 1988), with United States v. Andrews, 953 F.2d 1312, 1327 (11th Cir. 1992). Moreover, the Supreme Court has held that because of the unique aspect of such claims, "an ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). The Court is therefore obligated to analyze each of movant's claims under Strickland.

### B. Failure to Object to the Sufficiency of the Evidence Supporting Relevant Conduct at Sentencing

Movant first contends that her trial counsel, Mr. Schiavone, was ineffective for failing to object to the sufficiency of certain evidence taken into account by the Court in determining her sentence. (Doc. 2 at 8.) The Court's consideration of this evidence is alleged to have drastically increased her sentence. (Id.)

Movant pleaded guilty solely to Count 3 of the seven-count indictment (Cr. Doc. 78), which charged her with distributing approximately 26 grams of crack cocaine (Cr. Doc. 1 at 2). The remaining counts were dismissed on

the government's motion. At sentencing, however, the Court considered the transactions underlying the dismissed counts of the indictment as relevant conduct. (Sentencing Hr'g 11.) Relying upon the probation office's Presentence Investigation Report (PSI) (Sentencing Hr'g 25), the sentencing judge determined that movant should be held accountable for distributing a total of 159.8 grams of crack cocaine rather than the 26 grams charged in Count 3 of the indictment. Hickman, 175 F. App'x at 324.

Counsel objected to the Court's consideration of these additional transactions, but the sentencing judge held that extra-verdict relevant conduct may be considered in imposing a sentence. (Sentencing Hr'g 11.) The Eleventh Circuit upheld the sentencing judge's ruling, stating that "a district court may use extra-verdict enhancements . . . such as a drug quantity determination, to increase a defendant's base offense level" under the Sentencing Guidelines. Hickman, 175 F. App'x at 325 (citing United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir. 2005)). Counsel, however, did not object to the sufficiency of the evidence presented in the PSI. The Eleventh Circuit held that this failure to object to the sufficiency

of the evidence in the PSI operated as an admission of the facts contained therein. Id.; see United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). Accordingly, movant argues that counsel's failure to object to the sufficiency of the evidence relied upon by the sentencing judge amounted to the ineffective assistance of counsel.

Movant's claim is meritless, however, as she cannot demonstrate that counsel's alleged defective performance prejudiced the defense to such a degree that the sentencing outcome cannot be trusted. Strickland, 466 U.S. at 696. According to the Eleventh Circuit, a district court may take into account extra-verdict enhancements during sentencing only if admitted or proven by a preponderance of the evidence. Rodriguez, 398 F.3d at 1296. If the drug quantities listed in the PSI are supported by a preponderance of the evidence, failure to object to those quantities would have had no impact on the outcome of the case, as movant cannot establish prejudice under Strickland.

The Eleventh Circuit explained that "'the preponderance standard is not toothless. It is the district court's duty to ensure that the Government carries this burden by presenting reliable and specific evidence.'" United

States v. Wynn, 2007 WL 4208637, at *1 (11th Cir. Nov. 30, 2007) (quoting United States v. Bernardine, 73 F.3d 1078, 1080 (11th Cir. 1996)). Movant argues that the government did not carry its burden, as the sole witness to the drug transactions was a confidential source who never testified in court. (Doc. 2 at 10.) This alleged lack of testimonial evidence is not persuasive. At each of the five transactions attributed to Hickman,[2] the confidential source was surveilled by Drug Enforcement Administration agents. (PSI 4.) At four of the five transactions the confidential source was fitted with recording equipment. (Id. at 4-6.) Furthermore, movant provides no evidence that would contradict the facts set forth in the PSI. Accordingly, the Court finds that the government carried its burden. As the error

---

[2] On March 3, 2004, Hickman provided the confidential source with 27.7 grams (net) of crack cocaine in exchange for $755. (PSI 4 at ¶ 4.) On March 4, 2004, the confidential source, equipped with recording equipment, paid Hickman $750 in exchange for 26 grams (net) of crack cocaine. (Id. 5 at ¶ 5.) On March 11, 2004, the confidential source, again fitted with recording equipment, paid co-defendant Spaulding $900 in exchange for 26.4 grams (net) of crack cocaine. (Id. at ¶ 7.) This transaction underlies Count 3 of the grand jury indictment. As movant pleaded guilty to Count 3, there was no need to further support the attribution of this transaction to Hickman. (Cr. Doc. 80.) On March 19, 2004, the confidential source, again fitted with recording equipment, paid Hickman $1600 in exchange for 54 grams (net) of crack cocaine. (PSI 6 at ¶ 8.) Finally, on March 31, 2004, the confidential source, fitted with recording equipment, provided co-defendant Spaulding with $900 in exchange for 25.7 grams (net) of crack cocaine. (Id. at ¶ 9.) During the last transaction, the confidential source complained that he was supposed to receive 28 grams, rather than the 25.7 grams provided. (Id.) "Spaulding explained that she would 'tell' Hickman of the shortage," indicating that Spaulding was transacting business on Hickman's behalf. (Id.)

attributed to counsel did not create a reasonable probability that the sentence would have been different, counsel was effective. Kimmelman, 477 U.S. at 375.

### C. Failure to Object to the Disparity in the Guideline Sentence for Crack and Powder Cocaine

Movant next contends that trial counsel was ineffective for failing to ask the sentencing judge to depart downward based upon the disparity of penalties provided by the Sentencing Guidelines for crack versus powder cocaine. (Doc. 2 at 10.) Such an argument, however, would have been meritless.

Under § 2D1.1 of the Sentencing Guidelines, a defendant convicted of distributing crack cocaine faces a longer sentence than a defendant convicted of distributing the same amount of powder cocaine. Until very recently, however, district courts in the Eleventh Circuit were not permitted to consider this disparity as a mitigating factor during sentencing. United States v. Williams, 456 F.3d 1353, 1369 (11th Cir. 2006). The United States Supreme Court recently abrogated the Williams decision in Kimbrough v. United States, 2007 WL 4292040, at *14, ___ U.S.

___ (Dec. 10, 2007).³ This abrogation does not affect the Court's analysis, however, as "we have a wall of binding precedent [in the Eleventh Circuit] that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel." United States v. Ardley, 279 F.3d 991, 993 (11th Cir. 2001) (citations omitted) (discussing the application of changes wrought by Apprendi v. New Jersey, 530 U.S. 466 (2000)). "[T]he rule that it is not ineffective assistance for an attorney to fail to foresee a change in the law applies even when the change is such that the forfeited issue was, in hindsight, a sure fire winner." Id. Accordingly, counsel's failure to argue the crack/powder disparity cannot overcome the "strong presumption that counsel's conduct falls within the wide range of professional assistance." Strickland, 466 U.S. at 689.

### D. Failure to Argue that Movant's History of Drug Abuse Impacted Her Ability to Exercise Appropriate Judgment

Movant finally contends that counsel was ineffective for failing to argue that movant's drug usage from the age of 14 impacted her ability to

---

³ Movant is advised that the changes wrought under Kimbrough and Gall v. United States, 2007 WL 4292116, ___ U.S. ___ (Dec. 10, 2007), are properly addressed by a motion under 18 U.S.C. § 3582(c)(2), not a motion to vacate under 28 U.S.C. § 2255.

exercise appropriate judgment and should therefore have been taken into consideration in determining her sentence. (Doc. 2 at 18.) Movant's contention, however, once again fails to demonstrate prejudice under Strickland, 466 U.S. at 694.

The Sentencing Guidelines permit a downward departure in sentencing for diminished capacity. U.S. Sentencing Guidelines Manual § 5K2.13 (2004). "However, the court may not depart below the applicable guideline range if . . . the significantly reduced mental capacity was caused by the defendant's voluntary use of drugs." Id. Thus, the sentencing judge was not obligated to take this argument into account as a mitigating factor at sentencing.

After reviewing the record, there is simply no evidence indicating that movant suffered from any diminished capacity or lack of ability to exercise appropriate judgment. At movant's Rule 11 hearing, the judge explicitly found that movant was "in full possession of her faculties, mentally and physically." (Rule 11 Tr. 35.) Movant's contention is further undermined by her own testimony. She informed the judge that she graduated from Beach High School's medical magnet program with honors, then attended

the Savannah College of Art and Design for two academic quarters. (Id. at 8.) Her educational background is clearly at odds with any claim of diminished capacity. Accordingly, the Court finds that the sentencing judge would not have granted such a departure even if counsel so requested. As counsel made no error by omitting this argument, movant cannot overcome the presumption of effective assistance of counsel. Strickland, 466 U.S. at 689.

## IV. CONCLUSION

For the foregoing reasons, movant's § 2255 motion should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 4th day of January, 2008.

/s/ G.R. Smith<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA