UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KIA RUBE HICKMAN,

Movant

v.               407CV162
                   405CR003

UNITED STATES,

Respondent.

## ORDER

Before the Court is 28 U.S.C. § 2255 movant Kia Rube Hickman's out-of-time requests for reconsideration and for a Certificate of Appealability ("COA"). 407CV162, doc. ## 12-13. This Court denied her § 2255 motion on 1/23/08. Doc. # 10. She thus had 60 days to appeal. F.R.App.P. 4(a)(1)(B). Since 3/23/08 was a Sunday, Hickman had until Monday, 3/24/08 to file her Notice of Appeal (NOA). F.R. App.P. 26(a)(3) (exclude last day of period if it falls on a Sunday); *Alexander v. Secretary, Dept. of Corrections*, ___ F.3d ___, 2008 WL 926137 at * 7 n. 5 (11th Cir. 4/8/08). Yet, she did not file it until 3/25/08. Doc. # 12. Nor does she invoke the prison-mailbox rule.[1]

The Government opposes Hickman's motions. Doc. # 15. It emphasizes that she failed to heed her own lawyer's advice on when to file her NOA, and thus her COA. *Id. (citing U.S. v. Futch*, 518 F.3d 887, 894 (11th Cir. 2008) ("Although Futch did not file a separate COA motion in this Court, we routinely construe a defendant's [NOA] as a motion for a COA")).[2] *Id.* So to the extent Hickman files for reconsideration, argues the Government, it must fail because it is untimely. And since her appeal time has passed, so has her time for filing a F.R.App.P. 4(a)(4) tolling motion. *Id.* at 4.

In the Report and Recommendation adopted by this Court, the Magistrate Judge advised Hickman, with respect to the crack/powder cocaine sentencing disparity issue[3] she raised, "that the changes wrought under [intervening U.S. Supreme Court precedent, including the *Kimbrough*[4] case] are properly addressed by a

---

[1] *See Washington v. U.S.*, 243 F.3d 1300, 1300-01 (11th Cir. 2001) (prisoner's pro se motion to vacate is deemed filed the date it is delivered to prison authorities for mailing; Washington's § 2255 motion therefore was timely filed under the "prison mailbox" rule).

[2] Note that the Government blurs the distinction between an NOA and a COA regarding time limits. F.R.App.P. Rule 4(a) governs NOAs and sets a 60-day time limit for filing one. In contrast, F.R.App.P. 22(b) governs COAs:

> Rule 22(b) is designed to implement the requirement in 28 U.S.C.A. § 2253(c)(1). That statute provides that an appeal may not be taken to a court of appeals from a district court's final order in a habeas-corpus proceeding, challenging state detention, or in a § 2255 proceeding on behalf of a federal defendant, unless "a circuit justice or judge issues a certificate of appealability."

16A WRIGHT & MILLER, FED.PRAC.&PROC. JURIS.3D § 3968.1 (2008). Rule 22(b), as well as 28 U.S.C. § 2253 (habeas appeal statute), is silent as to when one must file a COA. Many appear to assume that the time for filing one mirrors the Rule 4(a) time limit for filing an NOA. Yet, no one has cited any supporting authority for that.

[3] For a clear and thorough explanation of this issue *see U.S. v. Taylor*, ___ F.3d ___, 2008 WL 782739 at * 1-2 (7th Cir. 3/23/08).

[4] *See Kimbrough v. U.S.*, 128 S.Ct. 558 (2007). Some background:

> [I]n *United States v. Williams*, 456 F.3d 1353 (11th Cir. 2006), [the Eleventh Circuit] concluded that federal courts were "not at liberty to supplant [Congress's] policy decision" that "crack offenders should be punished

motion under 18 U.S.C. § 3582(c)(2),[5] not a motion to vacate under 28 U.S.C. § 2255." Doc. # 6 at 11 n. 3 (footnote added).

Hickman now asks this Court to in effect disregard her appeal and, on the *Kimbrough* issue, consider what she has to say in her latest motions (doc. ## 12-13), as well as what she said in her § 2255 motion, and consider it all as an 18 U.S.C. § 3582(c)(2) motion. Doc. ## 12, 13. The Government registers no real objection

> more severely" [than powder-cocaine offenders]." *Id.* at 1367. In *Kimbrough*, the Supreme Court overruled *Williams* and determined that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve [18 U.S.C.] § 3553(a)'s purposes, even in a mine-run case." 128 S.Ct. at 566 n. 4, 575.

*U.S. v. Stratton*, ___ F.3d ___, 2008 WL 656514 at * 1 (11th Cir. 3/13/08). In light of *Kimbrough*, a defendant may show that a district court errs in concluding that it lacked authority to consider the crack/powder sentencing disparity in reaching an appropriate sentence. *Id.* When defendants in this Court move for *"Kimbrough"* relief under § 3582(c)(2), their motions have been first referred to the Probation Office for factual review before plenary review by the undersigned.

[5] 18 U.S.C. § 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

to this. It primarily focuses on her § 2255 NOA's/COA's untimeliness, then superilluminates that *jurisdictional* consequence while urging the Court to deny what is now, in effect, a rump § 3582(c)(2) motion.

Yet, the Government cites no independent jurisdictional time limit on § 3582(c)(2) motions, so there is no principled reason why it cannot be heard now. It is true that Hickman's father signed doc. ## 12-13 under a "Power of Attorney," and this is technically a no-no. *See U.S. v. Musgrove*, 1997 WL 114970 at * 1 (5th Cir. 2/20/97) (unpublished) ("a power of attorney does not authorize a non-attorney to file legal documents on the behalf of others. *Weber v. Garza*, 570 F.2d 511, 513-14 (5th Cir. 1978)"). But nothing prevents her from re-filing the same two documents with her signature on them, and thus fulfill a personal signature requirement that primarily serves to *confirm* that it is *she* who seeks such relief, if not also vindicate F.R.Civ.P. 11.

Accordingly, the Court **DENIES** Hickman's COA application (doc. # 13), as well as any implied *in forma pauperis* motion, as her underlying appeal is untimely and thus futile. However, the Court **GRANTS** her motion (doc. ## 12, 13) to consider her doc. ## 12-13 filing, as well as relevant parts of her § 2255 motion, as a § 3582(c)(2) motion.

Her § 3582(c)(2) motion, in turn, is now referred to the Court's Probation Office for processing under the Court's *"Kimbrough"* protocol. However, before that Office may act, she must first personally sign and re-file motions ## 12-13 (or, she may reconstitute them within a fresh new motion) within 15 days of the date this Order is served. Thereafter, the Clerk shall promptly serve the Probation Office with a copy

of same.

This  21  day of April, 2008.


_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA